**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DANIEL J. RUIZ,<br>　　　　　　　Appellant, | DOCKET NUMBER<br>DA-1221-22-0270-W-1 |
| 　　　　v. | |
| DEPARTMENT OF JUSTICE,<br>　　　　　　　Agency. | DATE: September 4, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel J. Ruiz, Bryan, Texas, pro se.

Sung H. Lee, Grand Prairie, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which denied corrective action in his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      On petition for review, the appellant challenges the administrative judge's credibility findings and argues that he has new and material evidence that warrants a different outcome. Petition for Review (PFR) File, Tabs 1, 3. He also challenges the sufficiency of the agency's discovery responses. PFR File, Tab 1 at 4-6. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, and the Board may overturn such determinations only when it has sufficiently sound reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). In his petition for review, the appellant challenges the administrative judge's credibility determinations, many of which were demeanor-based. PFR File, Tab 1 at 4-11. For example, the appellant challenges the warden's testimony that she did not reduce the appellant's overtime. *Id.* at 7. However, the administrative judge found the warden's denial concerning the reduction of overtime to be unpersuasive and she found that the appellant proved that the agency reduced his overtime. Initial Appeal File (IAF), Tab 35, Initial Decision (ID) at 22-23. The appellant also appears to challenge the truthfulness of his first-line supervisor, S.R., on review. PFR File, Tab 3 at 4-5. He asserts that the warden made S.R.

cry concerning criticisms of the conditions in the Food Services department. *Id.* The appellant asserts that S.R. denied this at her deposition. *Id.* However, S.R. testified at the hearing about a counseling from the warden, and the administrative judge found that S.R.'s testimony on this topic was unhesitating, forthright, and expressive of vulnerability. ID at 31. We find that the appellant's specific challenges to the credibility of agency witnesses are insufficient to warrant a different outcome. The administrative judge explained in her well-reasoned initial decision why she accepted some testimony of agency witnesses and rejected other testimony, including a thorough analysis of the demeanor of witnesses. ID at 16-35. We find that the appellant has not provided a sufficiently sound reason for disturbing the administrative judge's credibility findings. *See Haebe*, 288 F.3d at 1301.

¶3 As to the appellant's assertion that he has new and material evidence that warrants a different outcome, we are not persuaded. PFR File, Tab 1 at 6-66. Some of the documents filed by the appellant on review are already in the record and are not new. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). As to the remaining documents, it appears that all but one predate the initial decision, and we therefore find that they are not new. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980) (explaining that, under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence). The appellant has provided one document that postdates the initial decision.[2] PFR File, Tab 3 at 9. However, the appellant has not established that the evidence was unavailable before the close of the record before the administrative judge despite his due diligence. *See Grassell v. Department of*

---

[2] The appellant has also filed one document that is undated and we are therefore unable to determine whether the document was available prior to the close of the record before the administrative judge. PFR File, Tab 1 at 22. Even if the document is new, we have considered it and we find that it does not warrant a different outcome.

*Transportation*, 40 M.S.P.R. 554, 564 (1989) (holding that, to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite the appellant's due diligence when the record closed). We have considered the appellant's argument that he provided certain documents to his former representative, who did not file them before the administrative judge.[3] PFR File, Tab 3 at 4. However, the appellant is bound by the action or inaction of his chosen representative.[4] *See Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

¶4    Finally, the appellant alleges on review that the agency withheld evidence in discovery. PFR File, Tab 1 at 4-6. Specifically, the appellant objects to the agency's responses to his twelfth request for the production of documents. *Id.* Before the administrative judge, the appellant challenged the sufficiency of the agency's discovery responses by filing a motion to compel. IAF, Tab 17. The administrative judge denied the appellant's motion to compel regarding the twelfth document request. IAF, Tab 21 at 3-4. We find no basis to disturb the administrative judge's ruling.[5] *See Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992) (holding that the Board will not reverse an administrative judge's discovery rulings absent an abuse of discretion), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).

---

[3] Contrary to the appellant's assertion, many of the documents the appellant submits on review are already in the record.

[4] More than 1 year after the record on review closed, the appellant filed a brief motion seeking to submit additional evidence or argument. PFR File, Tab 8. The appellant has not described the nature or need for the evidence that he wishes to submit, nor has he stated that the evidence was not readily available before the record closed. Accordingly, the appellant's motion does not meet the Board's criteria for filing an additional pleading, and we deny his motion. 5 C.F.R. § 1201.114(a)(5), (k).

[5] On review, the appellant also references the agency's response to his second request for admission. PFR File, Tab 1 at 6. He does not appear to argue that the agency withheld information relevant to this request; rather, he suggests that the agency's response, denying that overtime was reduced during 2021, was false. *Id.* The appellant's arguments on review do not warrant a different outcome because, in the initial decision, the administrative judge found that the appellant proved that his overtime was reduced in 2021. ID at 22-23.

¶5    Based on the foregoing, we deny the appellant's petition for review and affirm the initial decision denying corrective action in this IRA appeal.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.